FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 11, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN TOMMIE HALL,

Defendant - Appellant.

No. 21-3200
(D.C. Nos. 2:16-CV-02845-KHV &
2:06-CR-20162-KHV-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Petitioner-Appellant Kevin Tommie Hall, a federal inmate appearing pro se,

seeks a Certificate of Appealability (COA) to appeal from the district court's

overruling of his successive 28 U.S.C. § 2255 motion. United States v. Hall, No. 06-

cr-20162, 2021 WL 3722266 (D. Kan. Aug. 23, 2021). We previously authorized

this motion "limited to challenges to his § 924(c) conviction and sentence and to the

enhancement of his sentence under the ACCA." Order at 4, In re Hall, No. 16-3214

(10th Cir. May 14, 2020). The district court rejected those challenges. On appeal,

Mr. Hall argues that no court has addressed his claim that the district court's aiding

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and abetting instruction and verdict form were erroneous under Rosemond v. United States, 572 U.S. 65 (2014).

To obtain a COA from this court, Mr. Hall must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim has been denied on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a claim has been dismissed on procedural grounds, the movant must also demonstrate that the district court's procedural ruling was debatable. Id.

Here, the district court declined to consider the Rosemond claim on procedural grounds, reasoning that this court's authorization was limited to claims arising under United States v. Davis, 139 S. Ct. 2319 (2019), and Johnson v. United States, 576 U.S. 591 (2015). Hall, 2021 WL 3722266, at *3. In the alternative, the district court held that a Rosemond claim could not meet the requirements of 28 U.S.C. § 2255(h)(1) or (2) for allowing a successive § 2255 motion. Id. at *3–4. Mr. Hall's Rosemond claim has been addressed and found wanting, albeit in the context of ineffective assistance of counsel and at times procedurally. See, e.g., United States v. Hall, 772 F. App'x 762, 764–65 & n.2 (10th Cir. 2019) (unpublished). Regardless, the district court's conclusion that it is not within the scope of this court's authorization of a successive § 2255 motion is not reasonably debatable. A district court lacks jurisdiction over successive § 2255 claims without this court's authorization. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

2

We DENY a COA, DENY IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge